UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV0443 JAR |
| ) | |
| DAVID DORMIRE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ronald Barnes' Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1 ("Motion")). Because this Court has determined that Barnes' claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Barnes' claims are based, this Court decides this matter without an evidentiary hearing.[1]

**BACKGROUND**

On March 8, 2006, Barnes pleaded guilty in the Circuit Court of the City of St. Louis, Missouri to first-degree burglary and second-degree robbery. (Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted ("Response"), ECF No. 10, p. 1). Petitioner pleaded guilty to entering into an office of the Adams Mark Hotel gift shop and removing $500 with the intent to leave the gift shop and deprive the owner of the money. (Respondent's Exhibit A, p.

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted)); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

7).  In addition, the State alleged that Barnes used force in retaining possession of the money and attempting to exit the gift shop.  Pursuant to a plea agreement, Barnes was sentenced to concurrent terms of ten years in the Missouri Department of Corrections.  (Id.; Respondent's Exhibit E, pp. 24-25).  As part of his plea agreement, Barnes also waived his right to seek post-conviction relief under Missouri Supreme Court Rule 24.035.  (Respondent's Exhibit E, p. 22).

Barnes filed a Rule 24.035 motion in which he raised the same claims that he now raises in this habeas motion.  (Respondent's Exhibit E, pp. 226-58). On or around March 13, 2009, the state court denied Plaintiff's motion for post-conviction relief.  (Respondent's Exhibit E, pp. 260-66). On appeal, the Missouri Court of Appeals declined to reach the merits of Barnes' claims and dismissed his appeal pursuant to his waiver of post-conviction relief in the plea agreement. (Respondent's Exhibit B, F).

On March 12, 2010, Barnes filed this Motion seeking relief based upon the following three grounds:

(1)    the plea court lacked jurisdiction to accept his plea because he did not receive a speedy trial;

(2)    his standby counsel was ineffective for failing to subpoena a witness who saw surveillance footage of the offenses; and

(3)    the trial judge forced him to plead guilty by (i) refusing to recuse himself after denying Barnes' requests for appointment of an investigator and to take depositions; (ii) admitting photographs of the crime scene that had not been disclosed prior to trial; (iii) failing to enforce a subpoena; and (iv) failing to give Barnes' proffered instructions on lesser-included offenses.

Respondent asserts that this Court should deny the petition because Barnes' claims are procedurally defaulted.  Alternatively, this Court should deny the petition because Barnes' claims lack merit under 28 U.S.C. §2254(d).

## STANDARD OF REIVEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).  "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)).  The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as  opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412.  A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that

principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I.    Procedural Default

Respondent argues that "Barnes' claims are procedurally defaulted because the Missouri Court of Appeals declined to review them pursuant to his waiver of Rule 24.035 relief." (Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted ("Response"), ECF No. 10, p. 3 (citing Respondent's Exhibits B, F)).  Respondent argues that this Court should deny Barnes' request for relief on this basis alone.

The Court disagrees with Respondent's characterization of Petitioner's claims as "procedurally defaulted." "A claim is procedurally defaulted if a habeas petitioner failed to raise it in state proceedings." Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009). The Court cannot state that Petitioner failed to raise these claims at the state court level. Rather, the state courts chose not to review these claims based upon Petitioner's waiver of such rights in his plea agreement. The Court believes that the issue before it is more properly framed as whether a waiver of collateral attack rights in a plea agreement is enforceable.

A waiver of collateral attack rights in a plea agreement is enforceable. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). However, such waivers are not absolute as defendants cannot waive the right to challenge illegal sentences or a sentence imposed in violation of the terms of the plea agreement. Id. Also, defendants retain the right to challenge whether the decision to enter into the plea agreement was knowing and voluntary. Id. Therefore, a waiver is not effective if a defendant alleges in his habeas petition that the plea was not knowing and voluntary due to the

- 4 -

ineffective assistance of counsel. Id. at 924. This would include the negotiation of and entry into the plea agreement containing the waiver. Id. Accordingly, the Court addresses the merits of Petitioner's claims.

## II.    Merits

### A.    Ground 1

In Ground 1, Barnes contends that the plea court lacked jurisdiction to accept his plea because he did not receive a speedy trial. On post-conviction review, the plea court held that Barnes waived his speedy trial claim by pleading guilty. (Respondent's Exhibit E, p. 264).[2] The plea court also found that Barnes failed to assert "specific facts which would demonstrate prejudice to his defense based upon any undue delay in bringing him to trial." (Id.). Barnes asserted that the denial of his motion to dismiss had coerced his plea, but the court found this argument to be unpersuasive because he "did proceed to trial and did not decide to plead guilty until after the State rested." (Id.).

The Court finds that the decision of the plea court was not contrary to, or a misapplication of, clearly established federal law. Likewise, it was not an unreasonable determination of the facts.

The record before the state court indicates that Barnes knowingly and voluntarily pleaded guilty pursuant to his plea agreement with the State. (Respondent's Exhibit E, pp. 149-72). "A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects." Becker v. State of Neb., 435 F.2d 157 (8th Cir. 1970)(citations omitted); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992). "The issue of the right to a speedy trial is non-jurisdictional in nature." Becker, 435 F.2d at 157; Cox, 970 F.2d at 453. See Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting

---

[2]Federal courts considering petitions for habeas relief look to the last reasoned decision of the lower State court on that issue. Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006); Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Here, the Court looks to the decision of the plea court on post-conviction review. (Respondent's Exhibit E, pp. 260-66).

- 5 -

Blackledge v. Allison, 431 U.S. 63, 74, 52 L. Ed. 2d 136, 97 S. Ct. 1621 (1977) ("'Solemn declarations in open court carry a strong presumption of verity.'").  Likewise, Barnes acknowledged to the plea court that, by pleading guilty, he was giving up the right to appeal any adverse determinations by the court.  (Id., pp. 151, 159-60).  Based upon the foregoing, the Court finds that Barnes waived his speedy trial claim.

Moreover, even if Barnes had not waived this claim, his speedy trial claim lacks merit.  The Supreme Court has addressed four factors to consider when determining whether a defendant's speedy trial rights have been violated: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.  Barker v. Wingo, 407 U.S. 514, 530 (1972).

First, the alleged delay of ten and a half months does not appear presumptively prejudicial, requiring application of the other Barker factors.  "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  Barker, 407 U.S. at 530; United States v. Horse, 316 F.3d 769, 774 (8th Cir. 2003)("In order for his constitutional claim to prevail, the interval between accusation and trial must be 'presumptively prejudicial.'").  The Eight Circuit has held that similar delays are not presumptively prejudicial.  See Horse, 316 F.3d at 774 (concluding "that a nine and one-half month interval is too short to be presumptively prejudicial"); United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008)("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors.").  Even if the delay satisfied the first Barker factor, "'[p]resumptive prejudice for first-prong purposes raises no such fourth-prong presumption; it is just a threshold below which a court need not even consider Barker's other factors.'"  Gilbert v. Steele, 4:08CV151 JCH, 2008 WL 4104540, at *3 (E.D. Mo. Aug. 29, 2008) (quoting State v. Atchison, 258 S.W.3d 914, 919 (Mo. Ct. App. 2008)); see also Jeanetta, 533 F.3d at 656.

The Court then turns to consideration of the other three factors to determine whether Barnes' speedy trial rights were violated. The second factor, the reason for the delay, is not implicated because the plea court found that Barnes' decision to represent himself caused the delay of trial. (Respondent's Exhibit E, pp. 47, 261). The record indicates that Barnes needed investigative services from the public defender's office, which also caused the delay. (Respondent's Exhibit E, pp. 11-12, 36-37). With respect to the third factor, the defendant's assertion of his right to a speedy trial, Barnes claims that he asserted this right on April 13, 2005. (ECF No. 1, p. 19). The record, however, does not include a copy of that motion or any request for a speedy trial. (Respondent's Exhibit E).

Finally, regarding the fourth factor, which is prejudice to the defendant, the record does not support such a finding. "Prejudice to a defendant is the most important factor in the Barker analysis." Gilbert, 2008 WL 4104540, *3, n.6 *(citing* Atchison, 258 S.W.3d at 920). Here, Barnes contends that the trial court's failure to dismiss the case forced him to plead guilty. (ECF No. 1, p. 16). The Court, however, finds that Barnes has not alleged or shown any prejudice to his defense, as contemplated by Barker.

**II.    Ground 2**

  A.    Legal Standard for Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but

- 7 -

more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

B.     Merits

In Ground 2, Barnes contends that his trial counsel was ineffective for failing to subpoena a witness, security guard Michelle Wallace, who saw surveillance footage of the offenses. (ECF No. 1, p. 22). Barnes claim that Ms. Wallace would have testified that the videotape "completely exonerated" him because there was no evidence of "any robbery or any forcing or anything like that." (Respondent's Exhibit E, p. 142). That is, Barnes contends that, if this witness had been subpoenaed, then she would have testified that Barnes did not use force when exiting the hotel gift shop and there is a "reasonable probability" that a jury would have found Barnes not guilty of the crimes. (ECF No. 1, p. 22). Barnes claims standby counsel's failure to subpoena the witness constituted ineffective assistance of counsel. (Id.).

The plea court found that this argument was not well founded:

> This claim is refuted by the record of the plea proceeding. The Court also notes that [Barnes] was advised by the Court before [Barnes] elected to stop the trial and plead guilty that he did not have an attorney-client relationship with standby counsel, and the Court discussed the issue of Michelle Wallace's proposed testimony at length with [Barnes]. [Barnes] has not cited any relevant authority in support of his assertion that he may waive his right to counsel, voluntarily plead guilty, and then claim he was denied effective assistance of standby counsel. The Court finds that the claim is without merit because the guilty pleas waived any complaints about lack of assistance by standby counsel.

(Respondent's Exhibit E, pp. 264-65).

The Court finds that the plea court's determination was not contrary to Federal law, nor an unreasonable decision in light of the facts. Barnes' ineffective of counsel claim fails because he cannot alleged a Strickland violation by standby counsel. There is no constitutional right to standby counsel. United States v. Foster, 230 F.3d 1364 (8th Cir. 2000). For this same reason, there can be

no constitutional violation by standby counsel's failure to act. Id.; United States v. Morrison, 153 F.3d 34, 55 (2d Cir.1998).

Even if Barnes had a constitutional right to standby counsel, his ineffective assistance of counsel claim still is without merit. The trial court noted that standby counsel had no responsibility to intervene, unless ordered to do so by the court. (Respondent's Exhibit E, pp. 32-33). The trial court informed Barnes that standby counsel was not his attorney and was not "under Strickland versus Washington." (Id., p. 33). The trial court told Barnes that he was to represent himself during trial and during all critical stages of the proceedings, and that standby counsel was only to stay apprised of the proceedings and step in if necessary. (Id., p. 34). The trial court informed Barnes that he could obtain some investigative services but that he would have to provide "some degree of specificity" regarding his need for such services. (Id., pp. 36-37).

In addition, at the pretrial conference, the trial court explained to Barnes that he could ask standby counsel about any legal principle but that still did not make him Barnes' "representative" or "assistant". (Id., p. 42). Barnes also noted that he had subpoenaed several witnesses, but did not indicate that he had asked his standby counsel to assist him with that process. (Id., pp. 58-59).

After the State rested its case, Barnes indicated that he had subpoenaed Michelle Wallace for the original trial date, but she was not re-served for the actual trial date. (Id., pp. 141-42). Barnes did not mention Ms. Wallace during the pretrial conference. (Id., pp. 58-59).

Barnes fails to show that his standby counsel's performance was ineffective under the Strickland v. Washington standard. There is no indication that Barnes asked, or that the court ordered, standby counsel to serve Ms. Wallace with a second subpoena. Standby counsel had no obligation to subpoena witnesses. Rather, Barnes, by representing himself, was responsible for (and apparently did) subpoena witnesses, including Ms. Wallace on an earlier date. (Respondent's

- 9 -

Exhibit E, p. 141).  Standby counsel cannot be held to be deficient for failing to perform a task he was under no duty or ability to perform.

Moreover, as noted by Respondent, once a witness is subpoenaed for trial, the obligation to attend continues even after the case is rescheduled.  See Mo. Rev. Stat. §491.090.2 ("The witness shall be required to attend a trial from time to time, and from term to term, until the case be disposed of or the witness is finally discharged by the court."); Mo. Sup. Ct.  R. 26.03 (same).  Barnes could have moved for a continuance due to Ms. Wallace's failure to honor her subpoena.  Thus, Barnes was not prejudiced by standby counsel's purported failure to subpoena Ms. Wallace for the re-set trial date.

Thus, the Court finds that Barnes fails to demonstrate that his standby counsel was deficient under Strickland v. Washington and Ground 2 fails.

### III.     Ground 3

For his third and final ground, Barnes asserts that the trial judge forced him to plead guilty by (i) refusing to recuse himself after denying Barnes' request for appointment of an investigator and to take depositions; (ii) admitting photographs of the crime scene that had not been disclosed prior to trial; (iii) failing to enforce Ms. Wallace's subpoena; and (iv) failing to give Barnes' proffered instructions on stealing and trespassing.  (ECF No. 1, p. 32).

On post conviction review, the plea court rejected Barnes' third ground:

> The record reflects that [Barnes'] pleas were knowing and voluntary, and the pleas waived complaints about the conduct of his trial.  The Court further notes that many of the complaints were known prior to the commencement of the trial, and that the trial never proceeded as far as an instruction conference.

(Respondent's Exhibit E, p. 265).

The Court finds that the plea court's decision did not contravene or unreasonably apply clearly established Supreme Court precedent.  See United States v. Staples, 435 F.3d 860, 864 (8th

Cir. 2006)(a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors); United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994); Becker, 435 F.2d at 157 (guilty plea waives non-jurisdictional defects, including right to speedy trial); Cox, 970 F.2d at 453 (same); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998)(finding that defendant waived arguments of prosecutorial misconduct in his plea agreement).

In addition, the Eighth Circuit has held that a state court's determination that a guilty plea was freely, knowingly, and voluntarily given must be accorded due deference by federal habeas courts. "While the state court's finding of voluntariness is not per se binding on a federal habeas court, ... 28 U.S.C. § 2254's mandated deference to such a finding is particularly proper in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allen, 431 U.S. 63, 71 (1977)).

In this case, the record of the plea demonstrates that Barnes freely, knowingly, and voluntarily waived his right to challenge any adverse decisions by the trial court. (Respondent's Exhibit E, pp. 151, 159-60). Barnes attested that he was pleading guilty because he was guilty and that no one had pressured him into pleading guilty. (Id., p. 157). "'Solemn declarations in open court carry a strong presumption of verity.'" Lockhart, 921 F.2d at 157 (quoting Blackledge, 431 U.S. at 74). "Thus, once a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988)(quoting Blackledge, 431 U.S. at 74). Barnes' sworn statements regarding the voluntariness of his guilty plea cannot be reconciled with his claim that he was coerced into pleading guilty.

Finally, the Court finds that Barnes' claims regarding trial error lack merit. First, Barnes contends that the trial judge should have recused himself based upon his rulings that were adverse to the defense. Adverse rulings, however, are not a basis for recusal. See White v. NFL, 585 F.3d 1129, 1141 (8th Cir. 2009)("A motion to recuse should not be withheld as a fallback position to be asserted only after an adverse ruling."); Liteky v. United States, 510 U.S. 540, 549, 555, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994) (adverse rulings alone not grounds for bias or partiality motion); Lefkowitz v. Citi-Equity Group, 146 F.3d 609, 612 (8th Cir. 1998)(same).

Second, Barnes claims that there was a Brady violation because the State waited until trial to disclose photographs of the crime scene. The Eighth Circuit has held that Brady is not violated where the prosecution provides exculpatory evidence at trial. "[T]he rule of Brady is limited only to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." United States v. Gonzales, 90 F.3d 1363, 1368 (8th Cir. 1996)(citing United States v. Manthei, 979 F.2d 124, 127 (8th Cir. 1992). "Where the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during trial, Brady is not violated." Gonzales, 90 F.3d at 1368 (citing United States v. Boykin, 986 F.2d 270, 276 n.6 (8th Cir. 1993). Thus, the Court finds that Barnes' complaint does not allege a Brady violation.

Next, Barnes asserts that the trial court failed to enforce the subpoena that had been served on Ms. Wallace. The record, however, does not indicate that Barnes asked the trial court to enforce the subpoena. Barnes never asked the trial court to issue a writ of body attachment or continue the case to allow time to locate Ms. Wallace. Accordingly, the Court finds no basis for Barnes' claim that the trial court erred by failing to enforce the subpoena.

As his last point, Barnes maintains that the trial court erred because it did not instruct the jury on lesser-included offenses. This argument is particularly confusing because Barnes pleaded guilty after the State rested. (Respondent's Exhibit 141, 146, 150). The trial court never had an

opportunity to conduct a jury instruction conference, draft jury instructions, or actually instruct the jury.  In addition, the Eighth Circuit has noted that "the Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases." Carney v. Fabian, 487 F.3d 1094, 1097 (8th Cir. 2007).  Accordingly, there can be no unreasonable application of, clearly established Federal law by the failure to instruct the jury on a lesser included offense because the Supreme Court does not require such an instruction.

Thus, the Court finds that Barnes' third ground for relief fails.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ronald Barnes' Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 12th day of February, 2013.

                                                         JOHN A. ROSS
                                                         UNITED STATES DISTRICT JUDGE